OPINION
{¶ 1} This is an appeal of a decision by the Richland County Court of Common Pleas granting a permanent injunction enjoining the maintenance of a junk yard on Appellant's premises of 3.2 acres.
 {¶ 2} In addition to the Court being provided the deposition of Appellant and viewing the property, the facts were stipulated by way of briefs and exhibits.
 STATEMENT OF THE FACTS {¶ 3} Appellants, Bobby Music and Helen Music, purchased their tract on July 23, 1999.
 {¶ 4} Mr. Music holds an auto dealer's license and is in the business of repairing used vehicles for sale.
 {¶ 5} The subject land is zoned industrial.
 {¶ 6} Appellant's maintain that they are not operating a junk yard but merely storing vehicles which will be subject ultimately to resale. Appellant's have placed a sign on their property identifying it as "Bob's Recycling".
 {¶ 7} The exhibits include photos of vehicles, parts, tires, etc. in fields overgrown with weeds.
 {¶ 8} Appellants have raised two Assignments of Error.
 ASSIGNMENTS OF ERROR {¶ 9} ASSIGNMENT OF ERROR NO. 1: "THE TRIAL COURT ERRED BY ADOPTING SANDUSKY TOWNSHIPS [SIC] DEFINITION OF JUNK, AND THEREFORE ERRED BY GRANTING A PERMANENT INJUNCTION.
 {¶ 10} ASSIGNMENT OF ERROR NO. 2: "THE TRIAL COURT ERRED BY GRANTING A PERMANENT INJUNCTION ENJOINING THE STORAGE OF MOTOR VEHICLES OR PERSONAL PROPERTY NOT OTHERWISE JUNK."
 I. {¶ 11} As to the First Assignment of Error, Appellant asserts that the definition of "junk" as utilized in Appellee's zoning code is too vague to be constitutionally enforceable.
 {¶ 12} Section 200.1(37) of such code provides:
 {¶ 13} "Junk. Scrap metals, tires, and wood of all kinds (except for firewood), bones, rags, used bottles or cans or paper packaging, old or used machinery, tools, equipment, appliances, motor vehicles or parts thereof, used construction materials and any and all other manufactured goods which are so worn, deteriorated or obsolete so as to make them unusable in their present condition, but which may be subject to salvage or remanufacture. The definition of junk motor vehicle as provided by R.C. 4737.05 shall apply herein."
 {¶ 14} Part of the argument is that the last sentence incorporates the definition then provided by R.C. 4737.05 which was subsequently eliminated in such section.
 {¶ 15} We must disagree with Appellant.
 {¶ 16} First, the definition utilized in the zoning regulation is sufficiently specific absent the reference to R.C. 4737.05 and is comparable to the language found sufficient by this Court in Barton v.Village of Powell (Aug. 19, 1999), Delaware County App. Nos. 98CA-E-09-045; 98CA-E-09-046.
 {¶ 17} In addition, while the definition of "junk" no longer appears in the referenced Revised Code Section, such definition as it appeared at the enactment of the zoning code is easily found and its absence at present does not affect the definition then present. Also, as stated, the zoning definition is sufficient to stand alone.
 {¶ 18} While we fail to find in Consolidated Management v.Cleveland (1983), 6 Ohio St.3d, the support claimed by Appellee, we still determine that the claim of vagueness is without merit and reject this First Assignment.
 II. {¶ 19} As the Second Assignment of Error relies on the merits of the First Assignment, it also fails as the Court in granting the injunction had sufficient authority and, with the view of the premises, the photos provided and the lack of a zoning permit required by Section 800.7 no argument remains.
 {¶ 20} We, therefore, reject the Second Assignment of Error.
 {¶ 21} This cause is affirmed at Appellant's costs.
By: Boggins, J., Hoffman, P.J. and Farmer, J. concur.